IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADVANTAGE HEALTHCARE, LTD., an Illinois corporation, individually and as the representatives of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) Case No. 17-cv-9149 |
| v. | ) ) CLASS ACTION ) |
| ACCOUNTABLE HEALTHCARE STAFFING, INC., | ) ) ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

Plaintiff, Advantage Healthcare, Ltd. ("Advantage" or "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated and, except for those allegations pertaining to Plaintiff or its attorneys, which are based upon personal knowledge, alleges the following upon information and belief against defendant Accountable Healthcare Staffing, Inc. ("ACH" or "Defendant"):

## PRELIMINARY STATEMENT

1. Defendant has sent advertisements by facsimile in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the regulations the Federal Communications Commission ("FCC") has prescribed thereunder, 47 C.F.R. § 64.1200 (collectively, the "TCPA").

2. Defendant sent Plaintiff at least one advertisement by facsimile and in violation of the TCPA. A true and correct copy of fax Plaintiff received from Defendant is attached as Exhibit A. Exhibit A offers Defendant's healthcare

provider staffing services. Plaintiff did not expressly consent to receive any advertisement from Defendant by fax. Moreover, Plaintiff does not have an established business relationship with Defendant.

3. Plaintiff brings this action against Defendant on behalf of a class of all persons or entities that Defendant sent one or more telephone facsimile messages ("faxes") offering staffing services, seeking statutory damages for each violation of the TCPA, trebling of the statutory damages if the Court determines the violations were knowing or willful, injunctive relief, compensation and attorney fees (under the conversion counts), and all other relief the Court deems appropriate under the circumstances.

4. Defendant's unsolicited faxes damage Plaintiff and the other class members. Unsolicited faxes tie up the telephone lines, prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message. The recipient of a "junk" fax loses the use of its fax machine while receiving an unsolicited fax transmission, and many lose their paper and ink toner in printing the fax. Such an unsolicited fax interrupts the recipient's privacy. A junk fax wastes the recipient's valuable time that would have been spent on something else.

## PARTIES, JURISDICTION, AND VENUE

5. Plaintiff Advantage Healthcare is an Illinois corporation with its principal place of business in Cook County, Illinois.

6. On information and belief, Accountable Healthcare Staffing, Inc. is a Delaware Corporation with its principal place of business in Boca Raton, Florida.

7. The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

8. General jurisdiction exists over Defendant in Illinois because Defendant has transacted business and committed tortious acts within the State.

9. Venue is proper in the Northern District of Illinois, because Defendant committed statutory torts within this District and a significant portion of the events took place here.

## FACTS

10. Defendant AHC is a staffing agency offering travel, temporary, temp-to-hire, and permanent placement services.

11. On information and belief, Defendant AHC directly provides its services to Illinois hospitals and healthcare provider offices.

12. Defendant sent advertisements by facsimile to Plaintiff and a class of similarly-situated persons. Whether Defendant did so directly or with the assistance of a third party (yet unknown to Plaintiff), Defendant is directly liable for violating the TCPA.

13. Plaintiff has received at least one of Defendant's advertisements by

facsimile. A true and correct copy of the fax received on or about September 13, 2016 is attached as Exhibit A.

14. Exhibit A is a one-page document Defendant sent by fax promoting Defendant's staffing services. The fax advertises the commercial availability or quality of property, goods, or services. Exhibit A provides Defendant's telephone number and email address to contact Defendant to order Defendant's services. Exhibit A.

15. Exhibit A promotes the quality of Defendant's staffing services stating that ACH's providers have active Illinois licenses and clean credentials. Exhibit A.

16. Exhibit A states "Malpractice Provided" and that the proffered providers are "excellent". Exhibit A.

17. Plaintiff did not expressly invite or give permission to anyone to send Exhibit A or any other advertisement from Defendant to Plaintiff's fax machine.

18. Exhibit A does not include a compliant opt-out notice as required by the TCPA. *See* 47 U.S.C. § 227 (b) (2) (D) & (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v).

19. On information and belief, Defendant sent advertisements by facsimile to Plaintiff and more than 39 other persons in violation of the TCPA.

20. Plaintiff and the other class members owe no obligation to protect their fax machines from Defendant. Their fax machines are ready to send and receive their urgent communications, or private communications about patients' medical needs, not to receive Defendant's unlawful advertisements.

4

## CLASS ACTION ALLEGATIONS

21. Plaintiff brings this action as a class action on behalf of itself and all others similarly situated as members of a class, initially defined as follows:

> Each person or entity that was sent one or more telephone facsimile messages after December 20, 2013 offering staffing services from ahcstaff.com that did not inform the fax recipient that he or she may make a request to the sender of the advertisement not to send any future facsimile advertisements and that failure to comply with the request within 30 days in unlawful.

Plaintiff anticipates modifying the proposed class definition, including proposing subclasses where appropriate, after discovery about the scope and breadth of Defendant's fax advertising program and will do so through an amended motion for class certification pursuant to Fed. R. Civ. P. 23.

22. Excluded from the class are Defendant, Defendant's officers, directors, legal representatives, heirs, successors, and assigns, any entity in which Defendant has a controlling interest, any parent, subsidiary or affiliated company of Defendant, and any Judge assigned to this action, including his or her immediate family.

23. In this action, Plaintiff intends to discover, include, and resolve the merits of claims about all advertisements Defendant sent by fax. <u>Exhibit B</u>, a Demand for Preservation of All Tangible Documents Including Electronically Stored Information.

24. This action is brought and may properly be maintained as a class action pursuant to Fed. R. Civ. P. 23. This action satisfies Rule 23 (a)'s numerosity, commonality, typicality, and adequacy requirements. Furthermore, the questions of

5

law or fact that are common in this action predominate over any individual questions of law or fact making class representation the superior method to adjudicate this controversy under Rule 23 (b) (3).

25. **Numerosity/impracticality of joinder.** On information and belief, the class consists of more than 39 persons and, thus, is so numerous that individual joinder of each member is impracticable. The precise number of class members and their identities are unknown to Plaintiff, but will be obtained from Defendant's records or the records of third parties.

26. **Commonality and predominance.** There is a well-defined community of interest and there are common questions of law and fact that predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary from one class member to another, and which may be determined without reference to the individual circumstances of any class member, include, but are not limited to the following:

   a. Whether Exhibit A and other yet-to-be-discovered facsimiles sent by or on behalf of Defendant advertised the commercial availability or quality of any property, goods or services;

   b. Whether Defendant was the sender of advertisements by facsimile promoting the commercial availability or quality of any property, goods, or services;

   c. The manner and method used to compile or obtain the list(s) of fax numbers to which Defendant sent fax advertisements;

d. Whether the Court should award statutory damages to Plaintiff and the other class members;

e. If the Court finds that Defendant willfully or knowingly violated the TCPA, whether the Court should exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount;

f. Whether the Court should enjoin Defendant from faxing advertisements in the future; and

g. Whether Defendant's conduct as alleged herein constituted conversion.

27. **Typicality of claims.** Plaintiff's claims are typical of the claims of the other class members, because Plaintiff and all class members were injured by the same wrongful practices. Plaintiff and the members of the class received Defendant's advertisements by facsimile and those advertisements did not contain the opt-out notice required by the TCPA. Under the facts of this case, because the focus is upon Defendant's conduct, if Plaintiff prevails on its claims, then the other putative class members will prevail as well.

28. **Adequacy of representation.** Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class it seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and TCPA litigation in particular, and Plaintiff intends to vigorously prosecute this action. Plaintiff and its counsel will fairly and adequately

protect the interest of members of the class.

29. <u>**Prosecution of separate claims would yield inconsistent results.**</u> Even though the questions of fact and law in this action are predominantly common to Plaintiff and the putative class members, separate adjudication of each class member's claims would yield inconsistent and varying adjudications. Such inconsistent rulings would create incompatible standards for Defendant to operate under if/when class members bring additional lawsuits concerning the same unsolicited fax advertisements or if Defendant chooses to advertise by fax again in the future.

30. <u>**A class action is the superior method of adjudicating the common questions of law or fact that predominate over individual questions.**</u> A class action is superior to other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all class members is economically unfeasible and procedurally impracticable. The likelihood of individual class members prosecuting separate claims is remote, and even if every class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. Relief concerning Plaintiff's rights under the laws herein alleged and with respect to the class would be proper. Plaintiff envisions no difficulty in the management of this action as a class action.

# COUNT I
# TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

31. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

32. Plaintiff brings Count I on behalf of itself and a class of similarly situated persons against Defendant.

33. The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine…." 47 U.S.C. § 227 (b) (1).

34. The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227 (a) (4).

35. The TCPA provides a private right of action as follows:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

47 U.S.C. § 227 (b) (3).

36. The Court, in its discretion, may treble the statutory damages if it determines that a violation was knowing or willful. 47 U.S.C. § 227 (b) (3).

37. The TCPA requires that every advertisement sent by facsimile must include an opt-out notice clearly and conspicuously displayed on the bottom of its first page. 47 U.S.C. § 227 (b) (2) (D) and (E); 47 C.F.R. § 64.1200 (a) (4).

38. Here, Defendant violated 47 U.S.C. § 227 (b) (1) (C) by sending an advertisement by facsimile (such as Exhibit A) to Plaintiff and the other class members without their prior express invitation or permission.

39. Here, Defendant violated 47 U.S.C. § 227 (b) (2) (D) and (E) and 47 C.F.R. § 64.1200 (a) (4) (iii) & (v) by failing to include a compliant opt-out notice. Exhibit A.

40. The fax does not state that Defendant's failure to comply with an opt-out request within 30 days is unlawful, that he/she/it has a legal right to request that Defendant not send any future fax, that an opt-out request will be valid only unless and until the person making the request subsequently provides express invitation or permission to the sender, in writing or otherwise, to send such advertisement to such person at such telephone facsimile machine.

41. The TCPA is a strict liability statute and Defendant is liable to Plaintiffs and the other class members even if Defendant's actions were negligent. 47 U.S.C. § 227 (b) (3).

42. Even if Defendant did not intend to injure Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste their

valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

43. If Defendant's actions were knowing or willful, then the Court has the discretion to increase the statutory damages up to three times the amount. 47 U.S.C. § 227 (b) (3).

44. Defendant AHC is liable for the fax advertisements at issue because it sent the faxes, caused the faxes to be sent, participated in the activity giving rise to or constituting the violation, the faxes advertise Defendant's good, products, or services, Defendant created the faxes to be sent or approved the faxes to be sent, Defendant paid a fax broadcaster to send its faxes, the faxes were sent on Defendant's behalf, or under general principles of vicarious liability, including actual authority, apparent authority and ratification.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award $500.00 in statutory damages for each of Defendant's violations of the TCPA;

C. That, if it finds Defendant willfully or knowingly violated the TCPA, the Court exercise its discretion to increase the amount of the statutory damages award to an amount equal to not more than three times the amount (Plaintiff

requests trebling);

D. That the Court enter an injunction prohibiting Defendant from violating the TCPA; and

E. That the Court award costs and such further relief as the Court may deem just and proper.

## COUNT II
## CONVERSION

45. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

46. Plaintiff brings Count II on behalf of itself and a class of similarly situated persons and against Defendant.

47. By sending advertisements to their fax machines, Defendant improperly and unlawfully converted the class's fax machines to Defendant's own use. Where printed (as in Plaintiff's case), Defendant also improperly and unlawfully converted the class members' paper and toner to Defendant's own use. Defendant also converted Plaintiff's time to Defendant's own use, as they did with the valuable time of the other class members.

48. Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members each owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

49. By sending them unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to their own use. Such misappropriation was wrongful and without authorization.

50. Defendant knew or should have known that their misappropriation of paper, toner, and employee time was wrongful and without authorization.

51. Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

52. Defendant's unsolicited faxes effectively stole Plaintiff's employees' time because persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendant as follows:

A. That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the Court award damages;

C. That the Court award punitive damages;

D. That the Court award attorney's fees;

E. That the Court award costs of suit; and

F. That the Court award such further relief as it may deem just and proper under the circumstances.

Respectfully submitted,

ADVANTAGE HEALTHCARE, LTD., an Illinois Corporation, individually and as the representative of a class of similarly-situated persons,

By: /s/ Phillip A. Bock

Phillip A. Bock
Tod A. Lewis
David M. Oppenheim
Bock, Hatch, Lewis & Oppenheim, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL  60602
Telephone:  312-658-5500
Facsimile:  312-658-5555